

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: RAJ SINGH, | No. 13-60043 |
| Debtor, | BAP No. 11-1700 |
| RAJ SINGH, | MEMORANDUM* |
| Appellant, | |
| v. | |
| DAVID PAUL CUSICK, Trustee; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Markell, Bankruptcy Judges, Presiding

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Raj Singh appeals pro se from the Bankruptcy Appellate Panel's ("BAP")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision affirming the bankruptcy court's judgment in an adversary interpleader action seeking a determination regarding disbursement of proceeds of a tax refund check. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly granted judgment on the pleadings against Singh because his answer made no claim to the funds at issue in the interpleader action. *See Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999) (setting forth standard of review, and explaining that "[a] judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law"). Because judgment on the pleadings was proper as to Singh, we do not consider Singh's arguments about how the funds should have been distributed.

Singh's contentions that Appellees violated bankruptcy laws, and regarding judicial bias, mootness, jurisdiction, and agency standing, are unpersuasive.

We do not consider Singh's contentions that the default against Karen Singh was entered in error because Singh does not challenge the bankruptcy court's determination that Singh lacks standing to challenge the default.

We do not consider Singh's arguments to the extent they relate to issues outside the scope of the adversary proceeding.

**AFFIRMED.**